RE: TEACHERS' RETIREMENT SYSTEM/HOUSE BILL NO. 1473
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 15, 1988, REGARDING RECENT ACTIONS TAKEN BY THE TEACHERS' RETIREMENT SYSTEM GOVERNING BOARD TO PERMIT A GROUP OF MEMBERS OF THAT SYSTEM TO TAKE ADVANTAGE OF THE TERMS OF HOUSE BILL NO. 1473'S RETIREMENT PROVISIONS, EVEN THOUGH THOSE PERSONS MAY HAVE TECHNICALLY INSTITUTED THE INITIAL PROCESSES TO RETIRE PRIOR TO THE DATES OF THE JULY 1, 1987 JANUARY 1, 1988 RETIREMENT "WINDOW" AUTHORIZED BY THAT BILL. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
UNDER THE TERMS OF SECTION 172 OF HOUSE BILL NO. 1473 OF THE 1987 LEGISLATURE, ACTIVE MEMBERS OF THE TEACHERS' RETIREMENT SYSTEM RETIRING BETWEEN THE DATES OF JULY 1, 1987 AND JANUARY 1, 1988 WERE PERMITTED TO RETIRE AND RECEIVE RETIREMENT BENEFITS FAR GREATER IN AMOUNT THAN WOULD HAVE OTHERWISE BEEN PERMISSIBLE UNDER PRIOR LAW. SUCH AN ACT COULD BE ACCOMPLISHED BY THE MEMBER'S PAYING INTO THE SYSTEM AMOUNTS EQUALLING THIRTY PERCENT (30) OF THE DIFFERENCE BETWEEN THE MEMBERS AVERAGE ANNUAL SALARY (UP TO $40,000.00) AND THE SUM OF TWENTY FIVE THOUSAND DOLLARS ($25,000.00), THE PRIOR LIMIT ON SALARY THAT COULD BE USED TOWARD CALCULATING RETIREMENT BENEFITS.
AS YOU HAVE STATED IN YOUR LETTER, THE BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM HAS PERMITTED A GROUP OF MEMBERS OF THE SYSTEM WHO HAD ACTUALLY ALREADY BEGUN THE STEPS TO RETIRE BEFORE THE JULY 1, 1987 DATE OF THE "WINDOW" TO TAKE ADVANTAGE OF THESE PROVISIONS. YOU ASK OF THE PROPRIETY OF THIS ACTION.
ON RECEIVING YOUR LETTER, I INQUIRED INTO THE FACTUAL BACKGROUND OF THAT DECISION, AND WAS MADE AWARE THAT THE SYSTEM'S GOVERNING BOARD APPARENTLY MADE PROMISES TO THIS GROUP OF RETIRANTS EVEN BEFORE THEY RETIRED THAT THEY WOULD BE COVERED BY THE TERMS OF THE BILL, IF THEY ADHERED TO A TECHNICAL READING OF THE SYSTEM'S RULES AND REGULATIONS, WHICH PROVIDE THAT THE RETIREMENT OF A MEMBER OF THE SYSTEM DOES NOT BECOME FINAL UNTIL THE MEMBER NOT ONLY SUBMITS THE PAPERWORK NECESSARY TO RETIRE, BUT ALSO ACTUALLY CASHES HIS OR HER FIRST RETIREMENT CHECK. APPARENTLY, I AM INFORMED, IT WAS COMMON KNOWLEDGE THAT THE LEGISLATURE HAD BEEN CONSIDERING SUCH A PROVISION FOR SOME TIME, AND THERE WAS DOUBT AS TO THE EFFECTIVE DATE THAT THE WINDOW" WOULD BEGIN. THE BOARD MADE REPRESENTATIONS TO THIS GROUP OF RETIRANTS THAT IT WOULD BE PERMISSIBLE FOR THEM TO GO AHEAD AND START THEIR RETIREMENT PROCESS, EVEN THOUGH THE TERMS OF THE LEGISLATURE'S ACTIONS HAD NOT YET BEEN FINALIZED.
ON RECEIPT OF THE FINAL VERSION OF HOUSE BILL NO. 1473, THE BOARD WAS PETITIONED BY THESE INDIVIDUALS TO HONOR ITS PRIOR REPRESENTATIONS, AND THE BOARD GRANTED TO THOSE PERSONS THE ABILITY TO RETIRE UNDER THE BILL'S TERMS. THIS UNUSUAL AND TRULY BIZARRE FACTUAL SET OF CIRCUMSTANCES IS PRESENTLY THE SUBJECT OF PENDING ADMINISTRATIVE HEARINGS BY THE TEACHERS' RETIREMENT BOARD, AND THE LEGITIMACY OF ITS ACTIONS HAVE BEEN FORMALLY CHALLENGED FROM SEVERAL DIFFERENT ANGLES BY OTHER MEMBERS OF THE SYSTEM. AS YOU ARE AWARE, THIS OFFICE HAS NO AUTHORITY TO ADJUDICATE FACTUAL DISPUTES BY USE OF A FORMAL OPINION, AS SUCH DETERMINATIONS RIGHTFULLY HAVE BEEN DECLARED BY THE LEGISLATURE TO LIE IN THE PROVINCES OF THE COURTS AND, IN SOME CIRCUMSTANCES, ADMINISTRATIVE AGENCIES OF THE STATE.
ACCORDINGLY, THIS OFFICE CANNOT ISSUE A FORMAL OPINION ON THE LEGALITY OF THE BOARD'S ACTIONS. THE ATTORNEY GENERAL HAS ASKED ME TO RELATE TO YOU HIS SINCERE REGRET THAT THIS OFFICE CANNOT RESPOND TO YOU IN THE DESIRED FASHION. HOWEVER, HE FEELS ETHICALLY PREVENTED FROM DOING OTHERWISE.
(MICHAEL SCOTT FERN)